IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

Case No.: 06-CIV-60823-DIMITROULEAS

MAILPLANET.COM, INC.
A corporation of the District of Columbia
    Plaintiff,

v.

Lo Monaco Hogar, S.L.
a Limited Liability Company of Spain

    Defendant.
_____/

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, Lo Monaco Hogar, S.L., hereby opposes Plaintiff's Motion for Summary Judgment [Dkt. 21] and further seeks entry of an order dismissing the present action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The basis for the opposition and motion is that Lo Monaco has consented to Plaintiff Mailplanet.com, Inc.'s ownership of the subject domain name. Because the only relief requested by Mailplanet is a declaration concerning ownership of the subject domain name, the present action must be dismissed for lack of subject matter jurisdiction. In support of this opposition and motion, Lo Monaco states as follows.

Factual Background

1. The only thing at issue in this action is the registration and ownership of the www.lomonaco.com domain name ("Subject Domain"). Mailplanet is the current owner and registrant of the Subject Domain. See Ex. A (Whois Report from Moniker On-line Services).

2. Over two years ago, Lo Monaco challenged Mailplanet's registration of the Subject Domain by filing a complaint with the World Intellectual Property Organization ("WIPO") pursuant to the Uniform Domain Name Resolution Policy ("UDRP").

3. Lo Monaco's rights to the domain were premised on, *inter alia*, twelve different trademark registrations it owns in Spain and Portugal incorporating the LO MONACO mark. See Ex. B, Administrative Panel Decision, Case No. D2005-0896 (Section 4, detailing Lo Monaco's trademark registrations).

4. In rendering its decision, the WIPO panel found that Lo Monaco's trademarks were well recognized throughout Spain and that the Subject Domain was confusingly similar to those trademarks. See id. at Sec. 6(A). The WIPO panel further determined that Mailplanet has no rights or legitimate interests in the Subject Domain. See id. at Sec. 6(B). Finally, the panel found that the Subject Domain was registered in bad faith. See id. at Sec. 6(C). On this basis, on December 2, 2005, the WIPO panel entered an

order directing that the Registrar, Moniker Online Services, LLC, transfer the Subject Domain to Lo Monaco. See id. at Sec. 7.

5. Mailplanet initiated the present declaratory judgment action in an effort to forestall the transfer of the subject domain name by the Registrar. [Dkt. 1].

6. Mailplanet's Complaint does not identify or label the cause(s) of action it is purportedly bringing against Lo Monaco. See Complaint [Dkt. 1]. However, the gravamen of Mailplanet's Complaint is a request for declaratory relief, "In the absence of a declaration from the Court, REGISTRAR will transfer the domain name to the control of LO MONACO HOGAR, and MAILPLANET will suffer immediate and irreparable harm." See id. at ¶24.

7. The declaratory nature of Mailplanet's Complaint is confirmed in its "Prayer for Relief", which is limited to declaratory and injunctive relief concerning the registration of the Subject Domain and a baseless and perfunctory request for an award of attorneys' fees and costs.

8. Lo Monaco is currently in the process of restructuring its business. As a result of this restructuring, Lo Monaco will be curtailing its on-line business activities. As a consequence, Lo Monaco quite recently made the decision to forego its claim to the Subject Domain. Counsel for Lo Monaco has informed both Mailplanet's Counsel and the Registrar of this decision.

See Ex. C, Letter of 11/19/2007 from Lo Monaco to Moniker Online Services, LLC.

9. In light of the foregoing, there is nothing left for this Court to resolve. Mailplanet's motion should, therefore, be denied and the present action should be dismissed for lack of subject matter jurisdiction.

## Governing Law

10. Pursuant to Rule 12(b)(1) an action should be dismissed if a Court determines that it lacks jurisdiction over the subject matter of the litigation. See Fed. R. Civ. P. 12(b)(1).

11. Actions seeking a declaratory judgment require the existence of an actual case or controversy between the parties before a federal court can constitutionally assume jurisdiction. See 28 U.S.C. §2201; see also Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-40, 57 S. Ct. 461, 463-64 (1937). "The existence of an actual controversy is an absolute predicate for declaratory judgment jurisdiction. When there is no actual controversy, the court has no discretion to decide the case." Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 634-34 (Fed Cir. 1991), overruled on other grounds by, Cardinal Chemical Co. v. Morton Int'l Inc., 508 U.S. 83 (1993).

12. Moreover, the requirement that there be a 'case or controversy' exists through all stages of the litigation, not just at filing of the complaint. See Miccosukee Tribe of Indians of Florida v. U.S., 259 F. Supp. 2d 1237, 1243 (S.D. Fla. 2003). "It is well established that issues concerning subject

matter jurisdiction can be raised at anytime." See Wein v. St. Lucie County Florida, 461 F.Supp.2d 1261, 1262 (S.D. Fla. 2006).

13. Accordingly, where a declaratory plaintiff's request for relief is granted, the court should dismiss the suit as moot. See Malony v. Schlesinger, 488 F.2d 521 (5th Cir.) (Army officer's declaratory suit seeking to establish right to retain status as commissioned officer or in the alternative to be accepted for reenlistment mooted by Army's offer to enlist him)[1]; see also Miccosukee, 259 F. Supp. 2d at 1243 (dismissing as moot claim of Indian Tribe concerning water deviation in light of newly implemented water management plan).

14. Mailplanet's claim for fees and costs standing alone is likewise insufficient to confer jurisdiction. See Celli v. Webb, 696 F. Supp. 738 , 740 (D. ME 1988)(holding that request for attorneys' fees does not "breath continued life" into suit that is otherwise moot).

15. In light of Lo Monaco's consent to Mailplanet's ownership and registration of the subject domain, there is nothing left for the Court to resolve.

---

[1] Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding precedent in this circuit unless overruled by the eleventh Circuit en banc. Bonner v. City of Prichard, 661 F .2d 1206 (11th Cir.1981).

WHEREFORE, Lo Monaco respectfully seeks entry of an Order denying Mailplanet's Motion for Summary Judgment and dismissing the present action for lack of subject matter jurisdiction, with each party to pay its own costs and fees.

### CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Howard M. Neu**, 1152 N. University Drive, Pembroke Pines, FL 33024 and **Robert C. Kain, Jr. and Darren J. Spielman**, Fleit, Kain, Gibbons, Gutman, Bongini & Bianco, P.L., 750 Southeast 3rd Avenue, Suite 100, Fort Lauderdale, Florida 33316.

Respectfully submitted,

/s/ Michael J. Colitz, III

Michael J. Colitz, III
Florida Bar Number: 0164348
Holland & Knight LLP
Suite 4100
100 N. Tampa Street
Post Office Box 1288
Tampa Florida 33602-1288
Telephone: 813-227-8500
Facsimile: 813-229-0134
Email: michael.colitz@hklaw.com
Attorneys for Defendant

# 4916958_v4